## WASHINGTON COUNTY.

### AMOS J. DAWLEY, JUN., *vs.* EARL H. POTTER.

P. made an offer in writing to D. dated July 12, 1892, as follows: "I will agree to give you two hundred and fifty dollars ($250.00) for a foal of 1893, by Aristocrat, out of Empress, provided such colt is a filly, all right and sound at five months' old, well marked, with no white on front feet, should you wish to sell her." A filly was born May 12, 1893, which became five months old October 12, 1893. In an action on the offer brought by D. against P:

*Held,* that evidence was admissible to show that the consideration of the offer was a sale by P. to D. of a mare with foal, coupled with the offer, since it showed that the offer was not voluntary and revocable at any time, but founded on a consideration which kept it alive.

*Held,* further, that D. had a reasonable time after the expiration of the five
    months within which to signify his intention to sell the colt to P.
When no exceptions to rulings are taken at the trial, they must be regarded as
    waived, and cannot be considered as grounds for a new trial.

DEFENDANT'S petition for a new trial.

*February* 19, 1896.   STINESS, J.   This suit is based upon
the following offer:

"PROVIDENCE, July 12, 1892.

JOHN A. DAWLEY, ESQ.

*Dear Sir :*—I will agree to give you two hundred and fifty
dollars ($250.00) for a foal of 1893, by Aristocrat, out of
Empress, provided such colt is a filly, all right and sound at
five months' old, well marked, with no white on front feet,
should you wish to sell her.

Very truly,

EARL H. POTTER."

A filly was born May 12, 1893, which became five months ·
old October 12, 1893.   The declaration and evidence showed
that the consideration was a sale by the defendant to the
plaintiff of the mare with foal for the sum of $450, coupled
with this offer, and the first ground of exception is the ad-
mission of testimony to that effect.   We see no valid objec-
tion to it.   Its evident purpose was to show that the offer
was not a mere voluntary offer, which could be revoked at
any time, but that it was founded upon a consideration which
kept it alive according to its terms.

The main question, therefore, comes upon the proper con-
struction of the proposal.   The court instructed the jury that
the plaintiff had a reasonable time after the expiration of
the five months within which to signify his intention to sell
the colt to the defendant pursuant to his offer.   We think
that this instruction was correct.   By the terms of the offer
the plaintiff could not make the sale until it appeared that
the condition could be satisfied at the end of five months,
and he was then to determine whether he wished to sell or
not.   This is enough to show that the contract was not to be
consummated upon the very day that the time for determin-
ing the conditions expired, and to take the case out of that

class of cases where the time is fixed for the performance of the contract, *e. g. Ives* v. *Armstrong*, 5 R. I. 567, and where time is of the essence of the contract. *Hicks* v. *Aylsworth*, 13 R. I. 562 ; *Potts* v. *Whitehead*, 20 N. J. Eq. 55 ; *Maclay* v. *Harvey*, 90 Ill. 525.

This contract is silent as to the time of performance, and fixes only the time for the determining conditions upon which a sale shall be based. We do not think that the contract shows an intention of the parties to complete the whole transaction on the last day of the five months. In such a case the sale and delivery may be completed within a reasonable time. 2 Chitty on Contracts 11th Am. ed. 1062, and note.

The petition contains other grounds based upon rulings at the trial; but as no exceptions to these rulings were taken at the time, they are regarded as waived and cannot be considered as grounds for a new trial. *Sarle* v. *Arnold*, 7 R. I. 582 ; *Meyers* v. *Briggs*, 11 R. I. 180 ; *Newton* v. *Weaver*, 13 R. I. 616.

Petitions dismissed.

*John F. Lonsdale & Nathan B. Lewis*, for plaintiff.
*Simon S. Lapham*, for defendant.